UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIE WHEAT | * | CIVIL ACTION NO.: 19-370 |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| BLUE ADVANTAGE | * | MAGISTRATE: |
| ADMINISTRATORS OF ARKANSAS | * | |
| And USABLE CORPORATION | * | |
| ********************************* | | |

## COMPLAINT

1.

The petition of Willie Wheat, a resident and citizen of the full age of majority residing in the Parish of St. Mary, State of Louisiana, represents:

2.

Made defendants herein:

1. Blue Advantage Administrators of Arkansas, a foreign corporation authorized to and doing business in the State of Louisiana with a registered agent through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

2. Usable Corporation, a foreign corporation authorized to and doing business in the State of Louisiana with a registered agent through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

3.

Jurisdiction is vested in this Court pursuant to *28 U.S.C. §§ 1332* as there is complete diversity and the amount in controversy exceeds $75,000.00.

4.

This action is brought pursuant to *La. CC. 2315*, *La. R.S. 22:1821*, and for breach of contract, along with any other actions which may be proven at trial.

5.

Defendants are liable jointly, severally and *in solido* to plaintiff for the full amount of damages suffered by her, together with legal interest from date of judicial demand until paid and all costs of these proceedings, for the following:

6.

On or about June 30, 2017, petitioner was injured when she slipped and fell in a Wal-Mart.  Petitioner was an employee of Wal-Mart at the time of the accident, but was shopping in another store, and as such has a tort case against Wal-Mart.

7.

At all material times herein, defendants had in full force and effect a policy of health and accident insurance issued to petitioner.

8.

An MRI revealed significant injuries to her lumbar spine with radiating pain down her legs.  Petitioner treated with physical therapy and injections, but did not get relief. As conservative treatments had failed, Dr. Alan Appley, a neurosurgeon in Lafayette, Louisiana, recommended spinal decompression at L3-4 and L4-5 with a microdiscectomy at L4-5.  Defendants denied the recommended surgery on the basis that Dr. Appley was

not an approved provider.  Defendants informed petitioner and Dr. Appley that the closest approved provider was Dr. John Quinn in Houston, Texas, a 4-5 hour drive away.

9.

Dr. Appley requested an urgent exception based on the fact petitioner had significant injuries, and he believed that travelling to Houston for back surgery would be detrimental to her health.  Defendants again denied Dr. Appley's request.

10.

Petitioner's back became such a problem that she agreed to see Dr. Quinn as she desperately needed treatment.  However, Dr. Quinn stated that he would not recommend surgery until petitioner had a course of conservative treatment, which petitioner had already done under Dr. Appley.  Dr. Quinn then did not provide Ms. Wheat with a prescription for the conservative treatments he was recommending, and stated in his report that he was actually providing a second medical opinion only at the request of defendants.  Instead Dr. Quinn referred Ms. Wheat back to her primary care provider, Dr. Appley, for further treatment.

11.

Defendants have failed to take any additional steps to provide petitioner with the medical treatment she needs.  Instead they have left her to suffer in pain with no treatment options available as defendants won't pay for them, despite the fact they clearly have an obligation to do so.

12.

Due to defendants arbitrary and capricious conduct, plaintiff has suffered with pain and mental anguish, and is unable to work due to her injuries and inability to get treatment.

13.

Defendants' requirement for petitioner to travel 4-5 hours for spinal surgery for her insurance benefits to apply would be harmful to her health, is in violation of her rights under Louisiana law, a breach of contract, and is against public policy.

14.

Defendants further violated petitioner's rights under Louisiana law and the contract between the parties by sending petitioner for a "second medical opinion" to get a doctor to say that she did not need the surgery so that they would not have to pay for it.

14.

Defendants' excessive delay, and bad faith and recalcitrant conduct subjects them to penalties and attorney fees, including double the amount of the cost of treatment pursuant to *La. R.S. 22:1821.*

Respectfully submitted,

*/s/ John L. Young*
JOHN L. YOUNG (#2199)
915 St. Louis Street
New Orleans, LA 70112
(504) 581-2200 *phone*
(504) 581-5100 *fax*
Jlylaw@aol.com

GARRON MATTHEW JOHNSON(#26940)
839 St. Charles Ave., Suite 309
New Orleans, LA 70130

(504) 296-6159
GMJlawyer@gmail.com